

# THE ATTORNEY GENERAL

# OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 23, 1976

The Honorable Charlie Chapman
Executive Director
Structural Pest Control Board
    of Texas
313 East Anderson Lane
Austin, Texas 78752

Opinion No. H-800

Re: The Structural Pest
Control Act "grandfather
clause."

Dear Mr. Chapman:

The Structural Pest Control Act, article 135b-6, V.T.C.S.,
was amended in 1975 to require licenses for both structural
pest control businesses and for certified applicators of
pesticides. Prior to the 1975 changes only those persons
engaged in the business of structural pest control were
required to be licensed, and employees of licensed persons
were exempted. See Acts 1971, 62nd Leg., ch. 726 at 2363,
2365. The amended Act now contains this "grandfather"
language:

> Sec. 5. (a) Except as provided in
> Subsection (b), no person, except an
> individual under the direct supervision
> of a certified applicator, may engage in
> the business of structural pest control
> after the effective date of this Act unless
> he meets the standards set by the board and
> possesses a valid Structural Pest Control
> Business License issued by the board.
>
> (b) A person who has engaged in the
> business of structural pest control for a
> period of two years next preceding the
> effective date of this Act may apply to the
> board. . .and shall be issued a temporary

> Structural Pest Control Business License
> and Certified Applicator's License which
> shall be valid for a period not to exceed
> two years. . .without further qualifications
> or examination.  All applicants under this
> subsection shall furnish evidence substanti-
> ating their eligibility before temporary
> licenses may be granted.

You ask whether the phrase "the effective date of this Act" as used in the amended version of the grandfather clause refers to the date the amendment became effective in 1975 or the effective date of the original Act in 1971.

The 1975 version of the "grandfather clause" authorizes the issuance of a combination "temporary Structural Pest Control Business License and Certified Applicator's License" to certain persons.  The purpose of grandfather provisions in licensing acts is to exempt from statutory regulations those members who have acceptably followed their profession or trade for a required period of years.  Such exemptions are granted upon the presumption that those already practicing their profession were lawfully and satisfactorily performing their services on the date the regulatory act became effec- tive.  Bloom v. Texas State Board of Examiners of Psychol- ogists, 492 S.W.2d 460 (Tex.Sup. 1973).  See Construction of "Grandfather Clause" of Statute or Ordinance Regulating or Licensing Business or Occupation, 4 ALR2d 667 (1949).

The 1975 changes in the Structural Pest Control Act bring within the Act's ambit persons and activities which previously were not required to be licensed.  Prior to the 1975 changes, a person (including a corporation but excluding an employee of a licensed person) was "engaged in the busi- ness of structural pest control" if, among other things, he offered to perform, or performed, particular services for compensation, including inspecting or identifying infesta- tions, making inspection reports, recommendations, estimates or bids, or contracting to control or controlling infesta- tions with pesticides, fumigants or insecticides.  Infesta- tions covered were those of insects, spiders, mites, ticks and related pests, wood-infesting organisms, rodents, weeds, nuisance birds and any other obnoxious or undesireable animals which may infest households, railroad cars, ships,

docks, trucks, airplanes, or other structures, or the contents thereof, or the immediate adjacent outside areas. Excluded from coverage was "a person or his regular employee who performs pest control work upon property which he owns, leases or rents." Acts 1971, 62nd Leg., ch. 726 at 2363, 2365.

Under the newly amended Act, however, a person additionally is deemed to be engaged in the business of structural pest control if he performs or offers to perform such services regarding infestations of "pests or diseases of trees, shrubs or other plantings in a park or adjacent to a residence, business establishment, industrial plant, institutional building or street." V.T.C.S. art. 135b-6, §2(a)(1)(B). Cf. Attorney General Opinion M-1115 (1972). Moreover, the exemption for landlords has been eliminated. The exemption now covers only "a person who performs pest control work upon property which he owns, leases, or rents as his dwelling." V.T.C.S. art. 135b-6, § 11(2).

The original Act provided for only one type of license. Under it, the Structural Pest Control Board licensed persons (including corporations) engaged in the business of structural pest control, and by express statutory language could require applicants for the license to pass an examination demonstrating competence in the field of structural pest control. Under the amended Act, the board issues two types of licenses: (1) the Structural Pest Control Business License and (2) the Certified Applicator's License. The first is issued on a "per business" basis to persons (including corporations) engaged in the business of structural pest control and entitles such persons and their employees to engage in that business "under the direct supervision of a certified applicator." V.T.C.S. art. 135b-6, § 2(b)(7). There is no statutory requirement that applicants for the new Business License demonstrate "competence in the field." The board, rather, is authorized by the statute to "develop standards and criteria" for its issuance. V.T.C.S. art. 135b-6, § 4(b).

The second license which the board is empowered to issue under the amended Act, the Certified Applicator's License, is issued only to individuals determined by the board to be competent to use or supervise the use of certain pesticides.  V.T.C.S. art. 135b-6, § 2(b)(4).  The board is given express statutory authority to require examinations of applicants for this license.  V.T.C.S. art. 135b-6, § 4(a).

The amended Act makes other significant changes, but the changes discussed above are sufficient to show that a "grandfather clause" taking effect with the amendment would inure to the benefit of persons whom the Legislature might reasonably have intended to protect.  Cf. Vaughan v. State Board of Embalmers and Funeral Directors, 82 S.E.2d 618 (Va. 1954).

Furthermore, we find particularly compelling the fact that the Legislature not only re-enacted the grandfather clause, but amended it to reflect the new types of licenses which are issued.  Had the Legislature not intended that the grandfather clause be re-enacted, it could have repealed it as surplusage or simply left it as it was.  However, when the clause was amended to include the new types of licenses established by the 1975 amendments, there was a strong implication that the grandfather clause was intended to have new vitality.

In answer to your first question, we think it was the intention of the Legislature to conditionally and temporarily exempt from the immediate license requirements of the amended Act those persons affected by it who, at the time the 1975 amendment took effect and for the required preceding time, had been lawfully engaged in the activities regulated by the amended Act.

You have also asked if the Structural Pest Control Board has the discretion to determine the time period of any temporary license issued pursuant to the grandfather clause, so long as the period does not exceed two years.

The 1975 amended grandfather clause states that the combination temporary license it authorizes "shall be valid for a period not to exceed two years. . . ." V.T.C.S. art. 135b-6, § 5(b). The same words appeared in the original 1971 grandfather clause. Under both the 1971 and 1975 versions of the Structural Pest Control Act, regular licenses must be renewed every year. V.T.C.S. art. 135b-6, § 6(b). It was obviously expected by the Legislature that the duration of temporary licenses might exceed one year.

Any discretion exercised by a licensing agency in applying a grandfather clause must be consistent with the statute involved and the agency is not free to require an examination where the Legislature has excused it. Bloom v. Texas State Board of Examiners of Psychologists, supra. A statute delegating discretion to an administrative agency ordinarily contains standards to guide its exercise. This statute contains no standards to guide the board in setting non-statutory durational limits for temporary licenses.

We believe the Legislature has shown an intent that the temporary licensee be excused from the examination requirement for the full two year period unless other statutory obligations imposed on the Board require the Board to issue such licenses for a shorter period. See Attorney General Opinion H-504 (1975). In our opinion, such a statutory obligation does exist because the Legislature has required that rules and regulations of the Board relating to economic poisons "comply with applicable standards of the federal government . . .governing the use of such substances." V.T.C.S. art. 135b-6, § 4(c).

Federal regulations for certification of applicators of pesticides require determinations of competency to be made on the basis of written examinations. 7 U.S.C. 136b; 40 C.F.R. § 171.4. See generally Comment, Pesticides: The Problem and the Solution, 7 Texas Tech L.Rev. 79. These regulations become applicable to state plans for certification in October, 1976, four years after the enactment of 7 U.S.C. 136. See Pub.L. 92-516 § 4(c)(4), 86 Stat. 973. Under present law, no temporary Certified Applicator's License granted to a person pursuant to the grandfather clause can validly extend beyond then, in our opinion, and,

because a temporary business license may be issued under the 1975 grandfather clause only in combination with a temporary Certified Applicator's License (". . .shall be issued a temporary Structural Pest Control Business License and Certified Applicator's License which shall . . ." V.T.C.S. art. 135b-6, § 5), neither can extend beyond October, 1976.

In answer to your second question, we are of the opinion that the Structural Pest Control Board has no discretion in fixing the length of time for which a temporary license, issued pursuant to the 1975 grandfather clause, is valid. All such licenses will expire when federal standards become mandatory in October, 1976.

### S U M M A R Y

The "grandfather clause" of the Structural Pest Control Act, as amended in 1975, conditionally and temporarily exempts from the immediate license requirements of the amended Act those persons affected by it who, at the time the 1975 amendment took effect and for the required preceding time, had been lawfully engaged in the activities regulated by the amended Act. Under present law, temporary licenses issued pursuant to the clause expire in October, 1976.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb